UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELSON M. DEBARROS,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 20-260WES |
| | : | |
| MICHAEL FRANK and JESSICA MIJIA,<br>    Defendants. | :<br>: | |
| | | |
| ELSON M. DEBARROS,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 20-268WES |
| | : | |
| AREAS USA LLC, MARGARITA<br>NUNEZ, ANDREW HOLMAN,<br>VANESSA PANNARANDA, and AREAS<br>USA INC.,<br>    Defendants. | :<br>:<br>:<br>:<br>: | |
| | | |
| ELSON M. DEBARROS,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 20-293WES |
| | : | |
| AIG, AMERICAN INSURANCE GROUP<br>INC., BRIAN DUPERREAULT[1], PETER<br>ZAFINO, and LUCY FATO,<br>    Defendants. | :<br>:<br>:<br>: | |
| | | |
| ELSON M. DEBARROS,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | C.A. No. 20-297WES |
| | : | |
| ANTHONY PASERTHIA,<br>    Defendant. | :<br>: | |

---

[1] Plaintiff identifies this Defendant as both "*Brain* Duperreault" and "*Brain* Deperrault." The Court refers to Defendant as Brian Duperreault.

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Within a three-week period in June and July 2020, Plaintiff Elson M. DeBarros filed four separate lawsuits in the District of Rhode Island naming twelve Defendants based on their alleged negligence in failing to provide him with workers' compensation benefits in connection with a workplace injury he claims he sustained in March, April, or May 2012 while working at a restaurant in Boston, Massachusetts. See DeBarros v. Frank, C.A. No. 20-260WES ("DeBarros 1"); DeBarros v. Areas USA LLC, C.A. No. 20-268WES ("DeBarros 2"); DeBarros v. Am. Ins. Grp., C.A. No. 20-293WES ("DeBarros 3"); and DeBarros v. Paserthia, C.A. No. 20-297WES ("DeBarros 4"). Plaintiff has filed motions for leave to proceed *in forma pauperis* ("IFP") in each of the four cases, all of which have been referred to me. Because Plaintiff has satisfied the requirements of 28 U.S.C. § 1915(a)(1), the IFP motions are provisionally granted. However, in light of the IFP motions, the Court must preliminarily screen Plaintiff's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's four complaints arise from essentially the same operative facts, the Court addresses all four in this report and recommendation, which is being issued in each case. For the reasons that follow, I find that none of the cases should survive screening and recommend that all four be dismissed.

**I.      Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action if the court determines that the action fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i-ii). The standard for dismissal is identical to the standard on a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. On a motion to dismiss, a court considers the allegations in the complaint and the documents that the plaintiff has attached to the complaint. Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 231 (1st Cir. 2013). While all well-pled facts must be taken as true, conclusory allegations should be set aside. Colesanti v. Becton Dickinson, C.A. No. 18-491WES, 2019 WL 4043957, at *5 (D.R.I. July 19, 2019), adopted sub nom. Colesanti v. Dickinson, C.A. No. 18-491WES, 2019 WL 4039529 (D.R.I. Aug. 27, 2019). When a pleading is inconsistent with the exhibits attached to it, the claims in the pleading are rendered implausible. See AJ Energy LLC v. Woori Bank, No. 18-CV-3735 (JMF), 2019 WL 4688629, at *4 (S.D.N.Y. Sept. 26, 2019).

When a legal defect is obvious on the face of a complaint, affirmative defenses, such as the lack of subject matter jurisdiction, improper venue or the statute of limitations, require dismissal at screening under § 1915. Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991); Roberts v. Bishop, Civil Action Nos. 20-10992-WGY, 20-10630-WGY, 2020 WL 2735669, at *1 (D. Mass. May 26, 2020); Thomas v. Funes Towing, LLC, No. CA 15-085 ML, 2015 WL 1538009, at *2 (D.R.I. Apr. 7, 2015). Dismissal at screening for lack of subject matter jurisdiction is consistent with the fundamental principle that a "court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting." Flaquer v. Bevilacqua, No. C.A. 08-95ML, 2008 WL 2018182, at *2 (D.R.I. May 7, 2008) (internal quotation marks and footnote omitted). That is, "[i]f the court determines at any time [including at screening] that it lacks subject-matter jurisdiction, the court must dismiss the action."

Asamoah v. Wells Fargo Bank, Civil Action No. 14-10322-WGY, 2014 WL 2818649, at *2 (D. Mass. June 19, 2014) (dismissal for lack of subject matter jurisdiction at § 1915 screening).

Because Plaintiff is *pro se*, the Court has interpreted his pleadings, including the attachments, liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

## II.  Background

### A.  2012 Workplace Injury

Plaintiff, who is now a resident of Rhode Island, alleges that, probably on May 1, 2012,[2] he experienced a stress-related injury and/or hurt his lower back while carrying a heavy trash can or bag to a dumpster in the course of his employment at the Vinea Restaurant in Boston, Massachusetts.[3] Plaintiff contends that his employer, named as Florida-based Defendants Areas USA, Inc., and Area USA LLC (collectively "Areas"), carried insurance issued by New York-based Defendant "Ins Co of Pennsylvania, c/o AIG Claims Services" (collectively "AIG")[4] to cover employees for workplace injuries and that he reported this injury to various Areas employees including his Areas supervisor (Defendant Jessica Mijia) and the Areas general

---

[2] Although May 1, 2012, is the date that recurs most frequently in Plaintiff's pleadings, the complaints and attachments also mention three earlier dates in 2012: March 13 and 18, 2012, and April 13, 2012. See DeBarros 1, ECF No. 1 at 4 (April 13, 2012); DeBarros 1, ECF No. 1-1 at 2 (May 1, 2012); DeBarros 1, ECF No. 1-1 at 3 (March 18, 2012); DeBarros 1, ECF No. 1-1 at 14 (May 1, 2012); DeBarros 1, ECF No. 1-1 at 15 (May 1, 2012); DeBarros 2, ECF No. 1 at 4 (April 13, 2012); DeBarros 2, ECF No 1-1 at 1 (May 1, 2012); DeBarros 2, ECF No. 1-1 at 2 (May 1, 2012); DeBarros 2, ECF No. 1-1 at 3 (March 18, 2012); DeBarros 2, ECF No. 1-1 at 4 (May 1, 2012); DeBarros 2, ECF No. 1-1 at 14 (May 1, 2012); DeBarros 2, ECF No. 1-1 at 15 (May 1, 2012); DeBarros 4, ECF No. 1-1 at 1 (May 1, 2012); DeBarros 4, ECF No.1-1 at 2 (March 13, 2012).

[3] DeBarros 1, ECF No. 1 at 4; 5 ¶¶ 1, 2, 5, 7, 12; 6 ¶ 8; ECF No. 1-1 at 2; DeBarros 2, ECF No. 1 at 4; 5 ¶¶ 1, 2, 5, 12; 6 ¶¶ 3, 8; DeBarros 3, ECF No. 1 at 5 ¶¶ 1, 2, 5, 10; DeBarros 4, ECF No. 1 at 6 ¶¶ 1, 2, 5, 14; 7.

[4] DeBarros 1, ECF No. 1 at 7; ECF No. 1-1 at 2, 3; DeBarros 2, ECF No. 1-1 at 2, 3; DeBarros 3, ECF No. 1 at 5 ¶ 10; DeBarros 4, ECF No. 1 at 6 ¶ 14.

manager (Defendant Michael Frank)[5] but they "maliciously" failed to report the injury to AIG.[6] Instead, Defendant Frank "tortured" Plaintiff and compelled him to work despite his knowledge of a "bad lower back injury."[7]  Plaintiff alleges that the back injury was so severe that it "almost cost the life of the Plaintiff" and that his treatment was through "the intervention of the public welfare department," as well as that he sought medical treatment in Rhode Island after being "denied treatment in Massachusetts."[8]

The documents attached to the complaints contradict many of these allegations.  They reflect that Plaintiff received medical treatment for a "past" work-related back injury beginning on May 1, 2012, with physicians in Massachusetts.[9]  Plaintiff attached two May 2012 notes from Massachusetts-based treating physicians, which advise that, despite the back injury, Plaintiff could work, albeit with limits on lifting and carrying and time off to go to physical therapy for twelve weeks.[10]  The attachments also include a third note reflecting that Plaintiff also received Massachusetts-based medical treatment in January 2013 for a workplace injury in which he was burned "due to degreaser chemical," resulting in three days out of work.[11]  The attachments confirm that, during this period – 2012 into 2013 – Plaintiff was living in Massachusetts.[12]

---

[5] DeBarros 1, ECF No. 1 at 5 ¶¶ 2, 6; DeBarros 2, ECF No. 1 at 5 ¶¶ 2, 6; DeBarros 3, ECF No. 1 at 5 ¶ 2; DeBarros 4, ECF No. 1 at 6 ¶¶ 1-2.

[6] DeBarros 1, ECF No. 1 at 5 ¶¶ 2, 6; DeBarros 2, ECF No. 1 at 5 ¶¶ 2, 6; DeBarros 4, ECF No. 1 at 6 ¶¶ 8-9.

[7] DeBarros 1, ECF No. 1 at 5 ¶¶ 7, 11.

[8] DeBarros 1, ECF No. 1 at 5 ¶¶ 5, 12; DeBarros 2, ECF No. 1 at 5 ¶¶ 5, 12; DeBarros 3, ECF No. 1 at 5 ¶¶ 4, 10; DeBarros 4, ECF No. 1 at 6 ¶¶ 10, 14.

[9] DeBarros 1, ECF No. 1-1 at 5, 6; DeBarros 2, ECF No. 1-1 at 5, 6; DeBarros 4, ECF No. 1-1 at 4.

[10] DeBarros 1, ECF No. 1-1 at 5, 6; DeBarros 2, ECF No. 1-1 at 5, 6; DeBarros 4, ECF No. 1-1 at 4-5.

[11] DeBarros 1, ECF No. 1-1 at 7.

[12] DeBarros 1, ECF No.1-1 at 5, 7; DeBarros 2, ECF No. 1-1 at 5, 7; DeBarros 4, ECF No. 1-1 at 4, 5.

There is no suggestion of any medical treatment in Rhode Island during 2012 or 2013. Plaintiff's employment with Areas ended in March 2013. DeBarros v. Areas USA Boston, LLC, Civil Action No. 18-10265-FDS, 2018 WL 1904182, at *2 (D. Mass. April 20, 2018).[13]

### B. 2018 Workers' Compensation Claim

Six years after his alleged workplace injury, in 2018, Plaintiff, who by then was living in Rhode Island and getting medical care in Rhode Island,[14] alleges that he contacted "the insurance company in charge of employees' health . . . to know whether he could be catered for in the year 2018" but "no action or remedial measures were taken in this regard" and it "was reported thereafter that the injury to . . . Plaintiff's lower back was never reported."[15] The complaints and attachments confirm that, in 2018, Plaintiff contacted AIG and then filed two workers' compensation claims regarding a March 18/May 1, 2012 injury. Chronologically, the first attachment is AIG's "First Report of Injury or Fatality," which was filed on September 24, 2018, with the Massachusetts Department of Industrial Accidents ("MDIA");[16] it permits the inference that, in September of 2018, AIG, the workers' compensation insurance carrier for Plaintiff's former employer, Areas, received the "first report" of an injury ("due to unsafe workplace environment I[nsured] W[orker] had stress related incidents") that had occurred six years earlier,

---

[13] At screening, the Court is limited to what may be considered in connection with a motion to dismiss, although the Court may take notice of prior judicial decisions that are in the public record. See generally Lopes v. Riendeau, 177 F. Supp. 3d 634, 666 n.33 (D. Mass. 2016) (judicial decision or opinion is subject to consideration because it falls under public record exception); Smith v. Hillside Village, Civ. No. 17-0883 (KM), 2018 WL 588923, at *3 (D.N.J. Jan. 26, 2018) (court may take notice of prior judicial decisions that are in the public record, for example "in order to establish the nature and scope of prior proceedings between the parties"). Plaintiff's termination date is included here simply as part of the history of his relationship with Defendants.

[14] DeBarros 1, ECF No. 1-1 at 9, 11-13; DeBarros 2, ECF No. 1-1 at 9, 11-13.

[15] DeBarros 1, ECF No. 1 at 5 ¶ 13; DeBarros 2, ECF No. 1 at 5 ¶ 13; DeBarros 3, ECF No. 1 at 5 ¶ 11; DeBarros 4, ECF No. 1 at 7 ¶ 11.

[16] The Massachusetts Department of Industrial Accidents is the state administrative agency with exclusive authority to administer the Massachusetts workers' compensation system. Nolan v. Comm'rs of Dep't Of Indus. Accidents, 2009 Mass. Super. LEXIS 216, 26 Mass. L. Rep. 88 (Mass. Super. Ct. August 13, 2009).

on May 1, 2012.[17] Next on October 7, 2018, MassHealth, the provider of health insurance for indigent residents of Massachusetts, Atlanticare Med. Ctr. v. Comm'r of Div. of Med. Assistance, 149 N.E.3d 343 (Mass. 2020), filed a notice of third-party lien with MDIA based on a May 1, 2012, injury experienced by Plaintiff.[18]

Following these MDIA filings, on October 17, 2018, and again on November 30, 2018, Plaintiff signed and filed two workers' compensation claims with MDIA, the first claiming a workplace injury that had occurred on May 1, 2012,[19] the second alleging an injury that occurred on March 18, 2012; both identify as his treating physician the same doctor who had written the May 22, 2012, note opining that Plaintiff's "low back pain that is the result of a past work accident" did not preclude work.[20] In his October 17, 2018, MDIA claim, Plaintiff described the May 1, 2012, injury as "[s]tress relate [i]njury . . . verbal abuse, humiliation, defamation bad references been provide bay [sic] all manger [sic]"; in his November 13, 2018, MDIA claim, Plaintiff described the March 18, 2012, injury as "lower back . . . carry a havy [sic] trash bag 70 lb, to the dumpster."[21] Both claims were promptly denied by AIG, which filed three notifications of denial with MDIA alleging insufficient evidence to support a claim of disability or workplace injury.[22] As far as the record reveals, Plaintiff filed nothing in MDIA to rebut these denials. Rather, the pleadings and the attachments establish that Plaintiff abandoned his MDIA claims,

---

[17] DeBarros 1, ECF No. 1-1 at 15; DeBarros 2, ECF No. 1-1 at 15.

[18] DeBarros 1, ECF No. 1-1 at 1; DeBarros 2, ECF No. 1-1 at 1; DeBarros 4, ECF No. 1-1 at 3.

[19] This form, apparently signed by DeBarros, records the date of the injury as May 1, 2012, in three places on the form. In a fourth box, it inconsistently states that May 1, 2018, was the first day of total or partial disability. DeBarros 1, ECF No. 1-1 at 2; DeBarros 2, ECF No. 1-1 at 2. The Court assumes this is a typographical error.

[20] DeBarros 1, ECF No. 1-1 at 2, 3, 5; DeBarros 2, ECF 1-1 at 2, 3, 5.

[21] DeBarros 1, ECF No. 1-1 at 2, 3; DeBarros 2, ECF 1-1 at 2, 3.

[22] DeBarros 1, ECF No. 1-1 at 4, 14; DeBarros 2, ECF No. 1-1 at 4, 14; DeBarros 4, ECF No. 1-1 at 1-2.

7

waited almost two more years and filed the four negligence cases in this Court against Areas, several Areas' Florida-based executives, the two co-workers who supervised him, and AIG, along with several of its senior executives.

Based upon this factual framework, Plaintiff claims that "all defendants . . . are guilty of negligence which stemmed from a duty to remedy the injury wh[i]ch the plaintiff suffered while in the course of the employment with the defendants" based on the failure "to report the back injury of the plaintiff to the insurance company"[23] or the failure to "make provisions for the physical health of the Plaintiff," following the injury which occurred "while carrying a heavy trash can to the dumpster," of which "Defendants were aware."[24]  To remedy his injury, including its alleged catastrophic consequences as detailed in the complaints, Plaintiff seeks between $1 and $2 million.[25]  Plaintiff asserts this claim against twelve Defendants named in the four lawsuits.

      C.     <u>Defendants Named in the Four Complaints</u>

In DeBarros 1, Plaintiff names two individuals, his supervisor and the general manager at Areas, both of whom he claims were working at the Massachusetts-based restaurant in 2012: Defendants Frank and Mijia.  He claims that he reported his May 1, 2012, back injury to them and that they were negligent in not notifying AIG and for failing to remedy the injury.[26]  Plaintiff further alleges that Frank verbally abused him and "compelled him to work after he was aware

---

[23] DeBarros 1, ECF No. 1 at 5 ¶ 1; 6 ¶ 3; DeBarros 2, ECF No. 1 at 5 ¶ 1; 6 ¶ 3.

[24] DeBarros 3, ECF No. 1 at 5; DeBarros 4, ECF No. 1 at 6 ¶ 9.

[25] DeBarros 1 and 2 ask for $2 million.  DeBarros 1, ECF No. 1 at 7; DeBarros 2, ECF No. 1 at 7.  DeBarros 3 and 4 ask for $1 million.  DeBarros 3, ECF No. 1 at 6; DeBarros 4, ECF No. 1 at 7.

[26] DeBarros 1, ECF No. 1 at 1, 2, 5 ¶¶ 1-2.

the Plaintiff had sustained a bad lower back injury" which led to the end of his employment.[27] The pleading lacks any allegation about the present location or state of citizenship for either Frank or Mijia although, read with leniency, it permits the inference that they live and work in Massachusetts. The pleading contains nothing to permit the inference that either Defendant has ever lived in Rhode Island or would be subject to personal jurisdiction in the District of Rhode Island.

In DeBarros 2, Plaintiff names two entities, Areas USA LLC, and Areas USA, Inc., as well as three individuals, Margarita Nunez, Andrew Holman, and Vanessa Pannaranda; all five are identified as "the employers of the Plaintiff" and "agents of the Plaintiff's former employer (Areas USA LLC & Areas USA Inc. respectively)."[28] All five are alleged to have addresses in and be citizens of Florida, except that Areas USA LLC is also alleged to have its principal place of business in Massachusetts.[29] Apart from identifying Defendant Nunez as "employes [sic] relation manager," the pleading fails to allege any facts regarding what any of the individual Defendants did that is alleged to be actionable.[30] The pleading is also silent regarding whether any of the Defendants named in DeBarros 2 have ever lived in or conducted business in Rhode Island or whether they would be subject to personal jurisdiction in the District of Rhode Island.

---

[27] DeBarros 1, ECF No. 1 at 5 ¶¶ 7, 11; 6 ¶ 8.

[28] DeBarros 2, ECF No. 1 at 5 ¶ 2; 7 ¶ 1.

[29] DeBarros 2, ECF No. 1 at 2, 3. The Court observes that Areas USA LLC appears to a limited liability company, which is deemed to be a citizen of every state of which any of its members is a citizen. D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). The complaint lacks any allegation concerning the membership of Areas USA LLC.

[30] Defendants Nunez and Pannaranda are mentioned with more specificity in DeBarros 4, in which Plaintiff alleges that his back injury was reported to them (in addition to the DeBarros 1 Defendants, Frank and Mijia) and they confirmed that he had "indeed suffered an injury to his lower back." DeBarros 4, ECF No. 1 at 6.

In DeBarros 3, Plaintiff names AIG, the workers' compensation insurance carrier for Areas in 2012, as well as three individuals, Brian Duperreault, Peter Zafino, and Lucy Fato; Duperreault is sued as "Chief Executive Officer," Zafino as "President Global Chief," and Fato as "EVP General Counsel."[31]  Plaintiff alleges that AIG is a New York corporation, but fails to provide current addresses or to allege citizenship for any of the individual Defendants.  As to the basis for liability, Plaintiff alleges only that all "Defendants," as "the underwriters of the Plaintiff" were negligent because they failed to "remedy" his injury.[32]  Otherwise, the pleading fails to allege any facts regarding what any of the individual Defendants did that is alleged to be actionable.  The pleading is also silent regarding whether the three individual Defendants named in DeBarros 3 have ever lived in Rhode Island or whether they would be subject to personal jurisdiction in the District of Rhode Island.

Last, DeBarros 4 names Anthony Paserthia, alleged to be a resident and citizen of Florida, who "was working in the branch of Areas America Inc., which was situated in Florida," adding that, "[m]eanwhile the said injury occurred at the Boston branch of the company."[33] DeBarros 4 alleges, "the Defendant asserted vehemently that the Plaintiff never had an injury," and that "because of the assertion of the Defendant, the Plaintiff was denied all benefits by the company and also the insurance company who was meant to provide remedial measures."[34]  The pleading is silent regarding whether Defendant Paserthia has ever lived in Rhode Island or whether he would be subject to personal jurisdiction in the District of Rhode Island.

    D.    <u>2018 Case in District of Massachusetts</u>

---

[31] DeBarros 3, ECF No. 1 at 2-3.

[32] DeBarros 3, ECF No. 1 at 5 ¶¶ 1-2.

[33] DeBarros 4, ECF No. 1 at 2-3, 5, 6 ¶ 5.

[34] DeBarros 4, ECF No. 1 at 6 ¶¶ 4, 6.

Pertinent to Plaintiff's four cases in the District of Rhode Island is a case that he filed in the District of Massachusetts in 2018 against several of what appear to be the same defendants (Defendants Areas,[35] Frank, Mijia[36] and Nunez).[37]  DeBarros v. Areas USA Boston, LLC, Civil Action No. 18-10265-FDS, 2018 WL 1904182, at *1 (D. Mass. April 20, 2018) ("DeBarros v. Areas").  During part of the time that this case was pending, Plaintiff was represented by legal counsel.  The public docket in DeBarros v. Areas establishes that, throughout the months in the latter part of 2018 (the same period when Plaintiff was dealing with AIG and filing claims in the MDIA based on a 2012 workplace injury at Areas), he had an attorney representing him in DeBarros v. Areas.

DeBarros v. Areas arose from an employment dispute in connection with Plaintiff's employment in 2012 and 2013 as a cook at the Vinea Restaurant.  2018 WL 1904182, at *1.  Like the four current cases, DeBarros v. Areas dealt with the May 2012 workplace fallout from a back injury; however, in the Massachusetts case, Plaintiff alleged that the back injury was a pre-employment condition for which he was not afforded appropriate accommodation, in that Plaintiff's physicians prescribed physical therapy in a letter provided to defendant Frank (also sued in DeBarros 1); Frank allegedly reduced Plaintiff's hours and verbally harassed him.  Id. at *1-2.  In DeBarros v. Areas, DeBarros charged that, in January 2013, defendant Frank retaliated

---

[35] Areas is named in the Massachusetts case as Areas USA Boston, LLC, and Areas USA Inc.  DeBarros v. Areas, 2018 WL 1904182, at *1.

[36] In DeBarros v. Areas, this defendant is named as "Jessica Doe"; she is identified as Plaintiff's 2012 supervisor at the Vinea Restaurant.  2018 WL 1904182, at *1-2.  In DeBarros 1, Plaintiff names his 2012 supervisor at Areas as Jessica Mijia.  DeBarros 1, ECF No. 1 at 2.  Drawing on the inference that this is the same person, the Court refers to Defendant Doe in DeBarros v. Areas as Defendant Mijia in this report and recommendation.

[37] One defendant was named in the Massachusetts case who is not named in any of the pleadings is Sergio Rodriguez.  In DeBarros v. Areas, he was sued as the "company CEO" and is referred to as a "Florida resident."  2018 WL 1904182, at *1, 4.  However, Rodriguez is named as a DeBarros 1 and a DeBarros 2 defendant in Plaintiff's amended civil cover sheets.  DeBarros 1, ECF No. 5; DeBarros 2, ECF No. 3.

11

against Plaintiff for reporting the Vinea Restaurant to health inspectors by assigning him to work with a degreaser; this caused Plaintiff to experience an injury that his physician opined required three days out of work. Id. at *2. After several weeks of back and forth regarding whether Plaintiff was medically cleared to return to work, in March 2013, Areas' human resources officer, defendant Nunez (who is sued in DeBarros 2), terminated Plaintiff's employment. Id. at *2.

As laid out in DeBarros v. Areas, following his 2013 termination, Plaintiff filed a 2015 disability discrimination case in the District of Massachusetts against Areas. 2018 WL 1904182, at *3. The 2015 case was settled and then dismissed when Plaintiff did not comply with the settlement agreement. Id. Next, Plaintiff filed a 2017 case in the District of Massachusetts against Areas and others for defamation and retaliation; that was dismissed for lack of diversity jurisdiction because Plaintiff still lived in Massachusetts. Id. Next, in 2018, Plaintiff filed DeBarros v. Areas, initially in Massachusetts state court. Id. Because DeBarros by then had moved to Rhode Island, the case was removed to the District of Massachusetts. Id. at *3 n.6.

In DeBarros v. Areas, the Massachusetts federal court dismissed all claims against Areas' senior employees, Nunez and Rodriguez, based on lack of personal jurisdiction and dismissed the claim of retaliatory termination based on the statute of limitations, leaving only a claim of defamation against the Massachusetts-based co-workers, Frank and Mijia, as well as the employer, Areas. 2018 WL 1904182, at *4-6. After this adverse decision, Plaintiff moved for a transfer of the venue of DeBarros v. Areas to the District of Rhode Island. DeBarros v. Areas, Civil Action No. 18-10265-FDS, ECF No. 52. The remaining defendants opposed the transfer because, among other reasons, with all remaining defendants living in or doing business in Massachusetts, and none with any contact with Rhode Island, and with all events having

occurred in Massachusetts, venue pursuant to 28 U.S.C. § 1391(b) would not be proper in the District of Rhode Island, and none of the defendants would be subject to personal jurisdiction in the District of Rhode Island. DeBarros v. Areas, Civil Action No. 18-10265-FDS, ECF No. 54. The motion to transfer to the District of Rhode Island was denied by electronic order on May 23, 2019. Id. at ECF No. 65. Ultimately, the court dismissed the defamation/libel claims against Areas, Frank and Mijia with prejudice on June 14, 2019, based on Plaintiff's refusal to appear for his deposition. Id. at ECF No. 73. DeBarros' appeal is pending before the First Circuit.

### III.     Law and Analysis

While Plaintiff labels his claim as grounded in negligence,[38] it is clear that his "cause of action is still fundamentally encompassed within the overarching [Massachusetts] workers' compensation framework." Fleming v. Nat'l Union Fire Ins. Co., 837 N.E.2d 1113, 1116 (Mass. 2015). This cause of action fails and this Court lacks subject matter jurisdiction to entertain it because, as a matter of clearly established law, "no matter what the allegations of the complaint [are], . . . workers' compensation benefits cannot be recovered by instituting a civil action." HDH Corp. v. Atlantic Charter Ins. Co., 681 N.E.2d 847, 850 (Mass. 1997). In addition, none of Plaintiff's cases can be pursued in this Court because, with nothing to permit the inference that any of the twelve Defendants "resides" in Rhode Island, and none of the events or omissions giving rise to the claim having occurred in Rhode Island, it is clear that this Court lacks venue pursuant to 28 U.S.C. § 1391(b).

####     A.     Lack of Subject Matter Jurisdiction and Failure to State a Claim

---

[38] Plaintiff's Civil Cover sheets mention other causes of action. DeBarros 1, ECF 5 at 3; DeBarros 2, ECF 3-1 at 1; DeBarros 3, ECF No. 1-1 at 1; DeBarros 4, ECF No. 1-2 at 1. The complaints themselves clearly and unambiguously state that Plaintiff is suing for negligence in failing to afford him workers' compensation benefits to which he is entitled based on an injury in the workplace.

The Massachusetts Workers' Compensation Act ("Act"),[39] Mass. Gen. Laws ch. 152, §§ 1, *et seq.*, mandates that every employer in Massachusetts, with exceptions not applicable here, must carry workers' compensation insurance to pay employees' medical treatment and lost wages due to a "personal injury arising out of . . . employment." Id. §§ 25A, 26. This guaranty that workers must receive certain benefits is "the exclusive remedy for injuries they suffer in the course of employment, regardless of the employer's fault." Benoit v. City of Bos., 75 N.E.3d 1, 6 (Mass. 2017). "An employee shall be held to have waived his right of action at common law . . . in respect to an injury that is compensable under [the Act]."[40] Mass. Gen. Laws ch. 152, § 23, see also § 24; Estate of Moulton v. Puopolo, 5 N.E. 3d 908 (Mass. 2014) (exclusivity eliminates piecemeal tort claims and litigation by individual workers).

In light of the Act's exclusivity provision, the employee must file and press his claim for benefits under the Act "with [MDIA] and the insurer on a form prescribed by [MDIA], and shall specifically state the benefits claimed to be due and unpaid." Mass. Gen. Laws ch. 152, § 10(1). The employee must file the claim with MDIA "within four years from the date the employee first became aware of the causal relationship between his disability and his employment."[41] Id. § 41.

---

[39] A federal court sitting in diversity must apply the choice of law rules of the forum state. Baker v. St. Paul Travelers Ins. Co., 595 F.3d 391, 392 (1st Cir. 2010). For tort-based claims, Rhode Island uses an interest-weighing approach to determine which jurisdiction has the "most significant relationship to the events and the parties." Alifax Holding SpA v. Alcor Sci. Inc., 357 F. Supp. 3d 147, 155 (D.R.I. 2019) (quoting Harodite Indus., Inc. v. Warren Elec. Corp., 24 A.3d 514, 534 (R.I. 2011) (emphasis and quotation marks omitted)). To determine choice of law in a negligence action, Rhode Island law looks to four factors: (1) where injury took place; (2) where the conduct causing the injury occurred; (3) the domicile or residence of the litigants; and (4) where the relationship between the litigants is centered. Toledo v. Van Waters & Roger, Inc., 92 F. Supp. 2d 44, 49 (D.R.I. 2000). These factors compel the conclusion that Massachusetts law should be applied here. See generally Alifax, 357 F. Supp. 3d at 155.

[40] Not applicable to this case is the right of the employee to avoid application of the exclusivity provision by notifying the employer of such intention (to preserve a right of action at common law) in writing at the time that they are hired. See Mass. Gen. Laws ch. 152, § 24. Plaintiff's claim is that he was entitled to the benefits of the Act, not that he waived his right to receive them.

[41] With a workplace injury that occurred in 2012, but no claim filed in MDIA until 2018, it is unclear whether Plaintiff's claims are out of time under § 41 of the Act. However, because of the exclusivity provision, this Court may not tackle the application of the Act's statute of limitations. The timeliness determination must be made by MDIA.

Although the notice of injury by the employee to the employer triggers the employer's obligation to provide notice of the injury to the insurer within seven business days, Mass. Gen. Laws ch. 152 § 6, the employer's failure to do so results only in a fine and does not bar the employee from obtaining workers' compensation through the filing of a timely claim with MDIA.  Ins. Co. of the State of Pa. v. Great N. Ins. Co., 45 N.E.3d 1283, 1288 (Mass. 2016).

Under the Act, it is MDIA that has the full power to decide whether workers' compensation is payable, including to resolve questions of coverage raised in connection with a claim for compensation.  MDIA "has exclusive jurisdiction over th[e] action[;] . . . [t]he parties have no right to try out the issue in a separate proceeding in court."  Lee v. Int'l Data Grp., 769 N.E.2d 761, 765 (Mass. App. Ct. 2002) (internal quotation marks omitted).  Whether the suit is directed against the employer, a fellow employee such as a supervisor or the insurer, and no matter how the suit is framed, the Massachusetts exclusivity provision divests the courts of jurisdiction to determine the availability of workers' compensation benefits for employees' workplace injuries.  See Branyan v. Sw. Airlines Co., 105 F. Supp. 3d 120, 125 (D. Mass. 2015) ("exclusivity provision . . . bars claims brought by employees against their employers for any personal injuries which "aris[e] out of or in the course of employment") (internal quotation marks omitted); Fusaro v. Blakely, 661 N.E.2d 1339, 1341 (Mass. App. Ct. 1996) ("plaintiff's claim for intentional infliction of emotional distress" is barred by Act; "[a] claim against a fellow worker for the commission of an intentional tort will be barred by the exclusivity clause of the Workers' Compensation Act . . . if committed within the course of the worker's employment and in furtherance of the employer's interest") (internal quotation marks omitted); Adams v. Liberty Mut. Ins. Co., 799 N.E.2d 130, 137 n.15 (Mass. App. Ct. 2003) ("workers' compensation insurer is entitled to the protection of the exclusivity provision . . . to the same extent as the employer").

The Act "thus effectively abrogates subject matter jurisdiction in applicable cases." Branyan, 105 F. Supp. 3d at 125.

A coda: one of the attachments to two of Plaintiff's complaints mentions defamation;[42] unlike a stress-related or back injury, the Massachusetts exclusivity provision would not bar a plausible claim based on defamation even though related to employment. Andresen v. Diorio, 349 F.3d 8, 16 (1st Cir. 2003). Yet beyond the conclusory statement on one of his MDIA claim forms, Plaintiff's complaints do not set forth any facts permitting the inference that he might have a viable claim of defamation. Grant v. Target Corp., 126 F. Supp. 3d 183, 193 (D. Mass. 2015) (defamation claim did not meet Fed. R. Civ. P. 8(a) standard when claims were so vague as to "not explain the essential 'who, what, when, and where'" or did not provide defendant with "fair notice of the factual basis for [the] defamation claim"). Although the Court is not required to "search for or try to create causes of action for *pro se* plaintiffs," Slay v. Bank of Am. Corp., No. CA 10-408 ML, 2011 WL 1045629, at *16 n.27 (D.R.I. March 9, 2011) (internal quotation marks omitted), I considered whether leniency requires that the Court allow Plaintiff an opportunity to amend to add a viable defamation claim if he has one. The conclusion: I do not recommend that Plaintiff be afforded an opportunity to amend any of his complaints to substitute a claim of defamation because, in DeBarros v. Areas, Plaintiff brought a defamation claim against defendant Areas (including its Chief Executive Officer), as well as against defendants Frank and Mijia, arising from his employment at Areas in 2012 and 2013. 2018 WL 1904182. This defamation claim, however, was dismissed with prejudice in 2019 for willful failure to comply with discovery. DeBarros v. Areas, Civil Action No. 18-10265-FDS, ECF No. 73.

---

[42] DeBarros 1, ECF No. 1-1 at 2; DeBarros 2, ECF No. 1-1 at 2 (workplace injury starting on May 1, 2012, described as "[s]tress relate [i]njury" caused by "verbal abuse, humiliation, defamation bad references been provide[d] bay [sic] all manger [sic]").

Therefore, a defamation claim arising out of Plaintiff's employment at Areas against Areas or against his co-workers, Frank and Mijia, would likely be precluded by the doctrine of res judicata.  See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 500 (2001) (res judicata effect of federal diversity judgment "is such as would belong to judgments of the State courts rendered under similar circumstances," except that federal common law requires claim preclusion when prior federal case dismissed for intentional failure to comply with discovery) (internal quotation marks omitted); Tuitama v. Nationstar Mortg. LLC, No. CV-14-09956 MMM (AGRx), 2015 WL 12744269, at *8 (C.D. Cal. Apr. 13, 2015), aff'd, 678 F. App'x 538 (9th Cir. 2017) (federal common law governs claim-preclusive effect of dismissal by federal court sitting in diversity when dismissal based on federal procedural law and provides that dismissal for failure to comply with court order "operates as an adjudication on the merits") (internal quotation marks omitted).

Based on the foregoing, the Court concludes that the exclusivity provision in the Act bars Plaintiff's claim that Defendants' negligence prevented him from access to the workers' compensation benefits to which he was entitled; therefore, none of the complaints states a viable claim that may be pursued in this Court and the Court lacks subject matter jurisdiction over all of the four complaints.  Pursuant to 28 U.S.C. 1915(e)(2), I recommend that all four cases be summarily dismissed at screening, without leave to replead.

      B.      Lack of Proper Venue

When it is crystal clear that the judicial district where a plaintiff filed their case is not the proper forum to address the claims because the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed," the action should be dismissed at screening.  Roberts v. Bishop, Civil Action Nos. 20-10630-WGY, 20-

10992-WGY, 2020 WL 2735669, at *1 (D. Mass. May 26, 2020) (quoting Cox v. Rushie, No. 13-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013)).  Venue is appropriate either in the judicial district where all the defendants reside[43] pursuant to 28 U.S.C. § 1391(b)(1), or in the judicial district where a substantial part of the events giving rise to the plaintiff's claim occurred pursuant to 28 U.S.C. § 1391(b)(2).  If the application of § 1391(b)(1) & (2) leaves a plaintiff with no district in which to bring the action, the case then may be brought wherever there is personal jurisdiction over any defendant.  28 U.S.C. § 1391(b)(3).[44]  If venue is improper, the case must be dismissed or transferred under 28 U.S.C. § 1406(a).  Get in Shape Franchise, Inc. v. TFL Fishers, LLC, 167 F. Supp. 3d 173 (D. Mass. 2016).

Venue is not proper in the District of Rhode Island under any of these three categories.

Focusing first on § 1391(b)(1), it is obvious from the face of the four complaints that, with the possible exception of AIG in DeBarros 3,[45] no Defendants "reside" in Rhode Island: in DeBarros 1, it may be inferred that all Defendants reside in Massachusetts; in DeBarros 2 and DeBarros 4, the pleading recites that all Defendants reside in Florida, except for Areas, which resides both in Florida and in Massachusetts; and, in DeBarros 3, AIG, the employer of the three

---

[43] For venue purposes, residency is defined for an individual as domicile, while for a defendant entity, it means any judicial district in which the entity is subject to personal jurisdiction.  28 U.S.C. § 1391(c)(1) & (2).

[44] It must be observed that, if venue were proper based on 28 U.S.C. § 1391(b)(1) or (3), Rhode Island might still be an unsuitable jurisdiction: if any defendant is a citizen of Rhode Island, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

[45] Deploying the leniency due a *pro se* pleading, the Court notes that AIG, one of the four Defendants in DeBarros 3, is a sprawling entity that conceivably may be subject to personal jurisdiction in Rhode Island.  See 28 U.S.C. § 1391(b)(c)(2) (for venue, a defendant entity resides where it is subject to personal jurisdiction).  However, with AIG's three executives also named in DeBarros 3, coupled with a pleading permitting the inference that these individuals all work at AIG in New York and nothing permitting the inference that any of them is domiciled in Rhode Island, 28 U.S.C. § 1391(b)(c)(1), the possibility that the correct AIG entity could be subject to personal jurisdiction in Rhode Island does not render the District of Rhode Island an appropriate venue for DeBarros 3 pursuant to 28 U.S.C. § 1391(b)(1).  See Allen v. Am. Fed'n of Gov't Emps. AFI-CIO, 198 F. App'x 16, 17 & n.1 (1st Cir. 2006) (per curiam) (venue not proper because defendants could not be "deemed to reside" in district).  In any event, if any of the DeBarros 3 individual defendants resides in Rhode Island, this Court would not have diversity subject matter jurisdiction.

individual Defendants, resides in New York, and none of the three individual Defendants is alleged to reside in Rhode Island. Therefore, venue in the District of Rhode Island based on § 1391(b)(1) is not appropriate for any of the cases.

Focusing next on § 1391(b)(2), the pleadings are crystalline – every event or omission giving rise to the claim occurred in Massachusetts. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (Rhode Island is proper venue if "substantial part of the events . . . giving rise to the claim occurred" there based on a holistic view of entire sequence). The fact that Plaintiff apparently moved from Massachusetts to Rhode Island before the operative 2018 events in Massachusetts were unfolding and then had medical treatment in Rhode Island are insufficient to tip the balance. Rodríguez-Navarro v. Am. Airlines, Inc., Civil No. 15-1900 (JAG), 2016 WL 4179884, at *2 (D.P.R. Aug. 4, 2016) (venue improper when only link to district is plaintiff's residency and receipt of medical treatment; otherwise employment dispute has no relation to forum); Betancourt v. Wal Mart Stores, Inc., Civil No. 15-1536 (GAG), 2016 WL 80643, at *1, 3 (D.P.R. Jan. 7, 2016) (when plaintiff fell in California, fact that plaintiff resided in Puerto Rico not enough for venue there). And with the District of Massachusetts (for DeBarros 1), Florida (for DeBarros 2 and 4) and New York (for DeBarros 3) all available as proper venues, 28 U.S.C. § 1391(b)(3) does not apply.

Cinching the point is the venue ruling in DeBarros v. Areas. On May 23, 2019, the Massachusetts federal court sustained the objection to Plaintiff's motion for a venue transfer to the District of Rhode Island of his claims arising from his 2012 employment at Areas; the objection rested on the arguments that venue would not be proper in the District of Rhode Island and that none of the three remaining defendants (Areas, Frank and Mijia) would be subject to personal jurisdiction in Rhode Island. DeBarros v. Areas, Civil Action No. 18-10265-FDS, ECF

19

Nos. 54, 65. The Court finds Plaintiff's decision to file DeBarros 1 in the District of Rhode Island is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) in light of this ruling.

Based on the foregoing, I find that venue is not proper in the District of Rhode Island for any of the four cases. As to whether dismissal or transfer pursuant to 28 U.S.C. § 1406(a) is appropriate, I recommend dismissal. When, as here, complaints themselves all warrant dismissal because they fail to state a claim and no federal court would have subject matter jurisdiction over any of them, transfer to another district is not in the interest of justice. See generally Schneider v. ABC Inc., No. 2:20-cv-00078-JDL, 2020 WL 5171391, at *4 (D. Me. Aug. 29, 2020).

### IV.    Conclusion

In light of the foregoing, the Court recommends that the following Plaintiff's complaints be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2): DeBarros v. Frank, C.A. No. 20-260WES, ECF No. 1; DeBarros v. Areas USA LLC, C.A. No. 20-268WES, ECF No. 1; DeBarros v. Am. Ins. Grp., C.A. No. 20-293WES, ECF No. 1; and DeBarros v. Paserthia, C.A. No. 20-297WES, ECF No. 1.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 17, 2020