UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELSON M. DEBARROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 20-260 WES |
| | ) | |
| MICHAEL FRANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ELSON M. DEBARROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 20-268 WES |
| | ) | |
| AREAS USA LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ELSON M. DEBARROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 20-293 WES |
| | ) | |
| AMERICAN INSURANCE GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ELSON M. DEBARROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 20-297 WES |
| | ) | |
| ANTHONY PASERTHIA | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff initiated the four above-captioned actions this past summer. All four relate to the alleged failure of the various Defendants to provide Plaintiff with workers' compensation. Plaintiff's Motions for Leave to Proceed in forma pauperis in all four cases were referred to Magistrate Judge Patricia A. Sullivan. Magistrate Judge Sullivan issued a Report and Recommendations ("R. & R.") recommending that the Court dismiss all four cases pursuant to 28 U.S.C. § 1915(e)(2). See R. & R., ECF No. 6 in C.A. No. 20-260, ECF No. 5 in C.A. No. 268, ECF No. 4 in C.A. No. 293, and ECF No. 3 in C.A. No. 297. Specifically, Magistrate Judge Sullivan concluded that all claims (with the exception of the defamation claims) are barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, Mass. Gen. Laws ch. 152, §§ 1, et seq., see R. & R. 13-16, that the defamation claims are insufficiently pled and barred by res judicata, see id. at 16-17, and that venue in Rhode Island is improper, see id. at 17-20.

Plaintiff's objection to the R. & R. was initially due on October 1, 2020, but the Court granted extensions in all four cases. See Oct. 13, 2020 Text Order in C.A. No. 20-260; Oct. 15, 2020 Text Orders in C.A. Nos. 20-268, 20-293, and 20-297. Plaintiff subsequently requested another additional extension, ECF No. 8 in C.A. No. 20-260, which the Court granted in a Text Order

on November 20, 2020. Upon further review, the Court determined that, despite only listing C.A. No. 20-260, the motion sought an extension of time in all four cases. The Court granted that request, setting a deadline of December 16, 2020 for Plaintiff to object to the R. & R. in all four cases. <u>See</u> Dec. 2, 2020 Text Order in C.A. Nos. 20-268, 20-293, and 20-297. More than a month has passed since the deadline, and no objections have been filed.

Instead, Plaintiff has filed a Notice of Appeal, ECF No. 9 in C.A. No. 20-260, seeking to appeal the Order in which the Court granted the second time extension in C.A. No. 20-260. "[A]s a general rule, the filing of a notice of appeal 'divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal.'" <u>United States v. Brooks</u>, 145 F.3d 446, 455 (1st Cir. 1998) (quoting <u>United States v. Mala</u>, 7 F.3d 1058, 1061 (1st Cir. 1993)). However, divestiture does not occur "if the notice of appeal is defective in some substantial and easily discernible way (if, for example, it is based on an unappealable order) or if it otherwise constitutes a transparently frivolous attempt to impede the progress of the case." <u>Brooks</u>, 145 F.3d at 456.

Here, the Notice of Appeal is frivolous and nonsensical, as Plaintiff seeks to appeal a procedural order in which the Court granted Plaintiff's request for an extension of time. <u>See</u> Notice of Appeal, ECF No. 9 in C.A. No. 20-260; Nov. 20, 2020 Text Order,

3

ECF No. 8 in C.A. No. 20-260. Moreover, the interlocutory procedural order which Plaintiff seeks to appeal is unappealable. See 28 U.S.C. § 1292. Thus, the Court concludes that it has not been divested of jurisdiction and proceeds to address the R. & R. in all four cases.

After having carefully reviewed the relevant papers, and having heard no objections, the Court ACCEPTS the report and ADOPTS the recommendations and reasoning set forth therein. Accordingly, the Complaints in the civil actions numbered 20-260, 20-268, 20-293, and 20-297 are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date:  January 19, 2021